**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Boulder Operations Holding LLC, *et.al.*[1] | ) | Case No.: 22-10664 (CTG) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**GLOBAL NOTES, METHODOLOGY, DISCLAIMERS, AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**I.
INTRODUCTION**

The above captioned debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 7 cases, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

On July 29, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

These Global Notes, Methodology, Disclaimers and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor

---

[1] The Debtors in these Chapter 7 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Boulder Operations Holdings LLC (7362); Akron Healthcare LLC (0798); Belden Village Healthcare LLC (9649); Bellefontaine Healthcare LLC (9571); Euclid Beach Healthcare LLC (2852); Greenville Healthcare LLC (4716); Holly Glen Healthcare LLC (1961); Jackson Healthcare LLC (1920); Madeira Healthcare LLC (6226); Mayfield Heights Healthcare LLC (2511); North Olmsted Healthcare LLC (5413); Oregon Healthcare LLC (7563); Piqua Healthcare LLC (7318); Portsmouth Healthcare LLC (9286); Uptown Westerville Healthcare LLC (7750); Waterville Healthcare LLC (3684); Wauseon Healthcare LLC (0309); Woodridge Healthcare LLC (0523). The Debtors' principal place of business is 1209 Orange Street, Wilmington, DE 19801.

are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records available at the time of such preparation. Although the Debtors and their professionals and advisors have made reasonable efforts to ensure the accuracy and completeness of such financial information. Nevertheless, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements.

Neither the Debtors nor their officers, employees, agents, attorneys, or financial advisors, as applicable, guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## II.
## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

**1.** **Reservation of Rights**.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or the Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not in fact "disputed," "contingent" or "unliquidated." Listing a Claim does not

constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 7 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor, if any, is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim pursuant to Bankruptcy Code section 502 or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

## 2.   **Description of Cases and "as of" Information Date**.

On the Petition Date, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the close of business on the Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on the Petition Date.

## 3.   **Basis of Presentation**.

Except as otherwise noted herein or in the Schedules and Statements, the Schedules and Statements are intended to reflect the separate assets and liabilities for each of the Debtors. For financial reporting purposes, prior to the Petition Date, the Debtors historically prepared financial statements. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, various equity holders, or other parties on an intermittent basis. Unlike the GAAP basis financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

4.      **Recharacterization**.

Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated (including as "disputed," "contingent," "unliquidated," and "subject to set-off"), or omitted certain items or designations due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      **Excluded Assets and Liabilities**.

The liabilities listed on the Schedules do not reflect any analysis of Claims under Bankruptcy Code section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under Bankruptcy Code section 503(b)(9).

6.      **Insiders**.

Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of Bankruptcy Code section 101(31). Such individuals may no longer serve in such capacities. In the interest of additional disclosure, the Debtors may also have included certain individuals who may have officer titles in their responses to Statements, Part 13, Question 28.

The listing of a party as an insider for purposes for the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim or defense, and all such rights, claims and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements have been included for informational purposes only and such information may not be used for purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purposes.

7.      **Intellectual Property Rights**.

The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

8.      **Executory Contracts and Unexpired Leases**.

Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

9.      **Causes of Action**.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

10.     **Summary of Significant Reporting Policies**.

The following is a summary of significant reporting policies:

      a.      _Undetermined Amounts_.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

      b.      _Totals_.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

11.     **Estimates and Assumptions**.

Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual amounts could differ from those estimates, perhaps materially.

12.     **Currency**.

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

13. **Guarantees and Other Secondary Liability Claims**.

The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor(s). The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if guarantees are identified.

14. **Global Notes Control**.

If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

### III.
### SPECIFIC DISCLOSURES WITH
### RESPECT TO THE DEBTORS' SCHEDULES

**Schedule A/B**.

The real estate, bed rights and certain other assets owned by the lessors to the Debtors related to the Facilities were sold through a purchase and sale agreement for one hundred forty-five million dollars ($145,000,000.00). In addition, certain operating assets of the Debtors related to the Facilities were also sold through an operations transfer agreement for ten dollars ($10.00) plus the assumption of certain post-closing liabilities related to the Facilities (including but not limited to the assumption of any post-closing Medicare overpayment liabilities related to the Facilities). However, the sale of the Debtors' operating assets excluded any pre-closing accounts receivable from the sale. The loans of the parent lessor and Debtors were cross-collaterized and all proceeds of the sale were paid to partially pay of the senior secured lender, which maintains a significant deficiency claim.

**Schedule A/B 2**.

Cash on hand is reported as of the close of business on Petition Date.

**Schedule A/B 3**.

Cash values held in financial accounts to the extent listed on Schedule A/B 3 as of the close of business on July 28,2022.

These funds constitute resident trust funds which are not property of the Debtors' estates.

**Schedule A/B 7-8**.

Deposit and prepayment amounts reflected in Schedule A/B 7 and 8 are as reflected in the Debtors' books and records as of Petition Date.

**Schedule A/B 11**.

Accounts receivable do not include intercompany receivables. Receivables for certain customers may be negative due to credit issued to the vendors or unapplied payment pertaining to individual vendors.

Each Debtor has a quantifiable amount of accounts receivable with a unidentifiable amount of those accounts receivable being doubtful and uncollectible. The Debtors have not determined the actual and collectible amounts of such accounts. Accordingly, the amounts listed for "current value" and "doubtful and uncollectible accounts" are listed as "undetermined."

**Schedules A/B 15**.

Each Debtor's Schedule A/B includes its ownership interest, if any, in any subsidiaries. Because the Debtors did not undertake a historical analysis to assign values to the subsidiary stock, the value of the interest in subsidiaries is listed as "undetermined."

**Schedules A/B 74 & 75**.

In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75.  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment or forfeiture of such claim.

**Schedule A/B 77.**

For purposes of these Schedules, intercompany balances have been eliminated as between the Debtors and are not reflected as assets or corresponding liabilities.

**Schedule D**.

The balances reported for the Term Loan with White Oak are as of the Petition Date.

**Schedule E/F**.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based upon the Debtors' books and records as of Petition Date.

Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date

for each Claim listed on Schedule E/F.  Furthermore, claims listed on Schedule E/F may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Certain of the claims of state and local taxing authorities set forth in Schedule E/F, ultimately may be deemed to be secured claims pursuant to state or local laws. In addition, certain of the claims owing to various taxing authorities to which any Debtor may be liable may be subject to ongoing audits. The Debtors reserve the right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to any Debtor. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid (subject to an order of the Bankruptcy Court) in connection with the assumption of executory contracts or unexpired leases.

**Schedule G.**

Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease that was in effect on the Petition Date or is valid or enforceable.

Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. In addition, each Debtor reserves all of its rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement).

Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserves all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, it is the Debtor's intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. However, the Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts. In some cases, the same supplier or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The contracts listed on Schedule G may have expired or terminated prior to the Petition Date.  The Debtors reserve their rights to argue that any of the contracts listed on Schedule G expired or terminated prior to the Petition Date.  Additionally, some of the contracts, agreements, and leases listed on Schedule G may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on Schedule G.

## **Schedule H**.

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because

the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims may not have been set forth individually on Schedule H. Litigation cost and expenses that can be reasonably estimated can be found on each Debtor's Schedule E/F part 2. All material litigation matters are listed under Statement 7, as applicable.

## IV.
## SPECIFIC DISCLOSURES WITH
## RESPECT TO THE STATEMENTS

**Statement 1**.

Any government loans related to covid related relief are not included in gross revenue.

**Statement 3**.

The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. For the purpose of clarity, the Debtors have not included amounts that aggregate to less than $7,575 on a per-party basis.

**Statement 4**.

The Debtors reserve all rights to dispute whether someone identified in response to Statement 4 is in fact an "insider" as defined in Bankruptcy Code section 101(31). With respect to individuals, the amounts listed reflect the universe of payments and transfers made specifically to or for the benefit of such individuals, including their regular compensation, as well as any bonuses, expense reimbursements, severance payments and/or relocation reimbursement. However, amounts paid on behalf of such employees for generally applicable employee benefit programs have not been included. The Debtors have only listed the Debtor entity that disbursed the payment.

In addition, for the purpose of clarity, the Debtors have not included amounts that aggregate to less than $7,575 on a per-party basis.

**Statement 6**.

The Debtors may incur setoffs resulting from the ordinary course of business with their vendors. Such setoffs are consistent with the ordinary course practices in the Debtors' industry. Additionally, it would be overly burdensome and costly for the Debtors to list all such normal setoffs. Therefore, Statement 6 excludes such setoffs.

**Statement 7**.

The actions described in response to Statement 7 are the responsive proceedings or pending proceedings of which the Debtors are actually aware. Any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to

any of the suits and proceedings identified therein and the Debtors expressly reserve their right, but not obligation, to amend and supplement Statement 7 as they deem necessary.

**Statement 10**.

The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes. Given the scale of the Debtors' operations, certain losses, including those attributable to theft, are unable to be tracked by the Debtors with complete accuracy, and accordingly, such losses have not been listed on the Debtors' Statements.

**Statement 26a and c**.

The books and records of all of the Debtors have been and continue to be maintained at the debtor level by personnel currently or formerly employed by that entity. Gilmore Jasion Mahler, LTD are the accountants and/or bookkeepers that have managed or currently manage such books and records as requested by Statement 26a for all Debtors. The individuals or firms responsive to Statement 26c are Gilmore Jasion Mahler, LTD for all Debtors.

**Statement 26d**.

The Debtors have provided financial statements in the ordinary course of their businesses to various financial institutions, creditors, landlords, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed all parties that may have received such financial statements for the purposes of Statement 26d.

**#END OF GLOBAL NOTES**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Boulder Operations Holding LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 22-10664 |

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                      NOT APPLICABLE

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                      UNDETERMINED

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                       UNDETERMINED

---

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

                                            $25,437,397.59

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                            $424,772.28

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . . .
        **+**                            $2,957,244.77

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b
                                            $28,819,414.64

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Boulder Operations Holding LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 22-10664 |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.   DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
☒ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.    CASH ON HAND** | |
| **3.    CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| **4.    OTHER CASH EQUIVALENTS** | |
| **5     Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.   DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7.    DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| **8.    PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

Debtor    Boulder Operations Holdings LLC
_____    Case number (if known) 22-10664

(Name)

| 9 | **Total of Part 2.**<br>ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|---|

## Part 3:   ACCOUNTS RECEIVABLE

**10.   DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11.   ACCOUNTS RECEIVABLE**

| 12 | **Total of Part 3.**<br>CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

## Part 4:   INVESTMENTS

**13.   DOES THE DEBTOR OWN ANY INVESTMENTS?**

☐ No. Go to Part 5.

☒ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.   MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15.   NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

| Name of entity | | % of ownership | | |
|---|---|---|---|---|
| 15.1. | AKRON HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.2. | BELDEN VILLAGE HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.3. | BELLEFONTAINE HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.4. | EUCLID BEACH HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.5. | GREENVILLE HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.6. | HOLLY GLEN HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.7. | JACKSON HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.8. | MADEIRA HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.9. | MAYFIELD HEIGHTS HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.10. | NORTH OLMSTED HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.11. | OREGON HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.12. | PIQUA HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.13. | PORTSMOUTH HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.14. | UPTOWN WESTERVILLE HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.15. | WATERVILLE HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.16. | WAUSEON HEALTHCARE LLC | 100% | N/A | UNDETERMINED |
| 15.17. | WOODRIDGE HEALTHCARE LLC | 100% | N/A | UNDETERMINED |

**16.   GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

| Debtor | Boulder Operations Holdings LLC | | Case number (if known) | 22-10664 |
|---|---|---|---|---|
| | (Name) | | | |

| 17 | **Total of Part 4.**<br>ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | UNDETERMINED |
|---|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** | | | | |
| **20. WORK IN PROGRESS** | | | | |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22. OTHER INVENTORY OR SUPPLIES** | | | | |

| 23 | **Total of Part 5.**<br>ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | NOT APPLICABLE |
|---|---|---|

| 24. | **Is any of the property listed in Part 5 perishable?**<br>☒ No<br>☐ Yes |
|---|---|

| 25. | **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**<br>☒ No<br>☐ Yes    Book value _____    Valuation method _____    Current value _____ |
|---|---|

| 26. | **Has any of the property listed in Part 5 been appraised by a professional within the last year?**<br>☒ No<br>☐ Yes |
|---|---|

| **Part 6:** | **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)** |
|---|---|

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

| 33 | **Total of Part 6.**<br>ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |
|---|---|---|

Debtor    Boulder Operations Holding LLC                                    Case number (if known) 22-10664

(Name)

**34.**  **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes. Is any of the debtor's property stored at the cooperative ?
  ☐ No
  ☐ Yes

**35.**  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.**  **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.**  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |
|---|---|

**38.**  **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **39.** | OFFICE FURNITURE | | | |
| **40.** | OFFICE FIXTURES | | | |
| **41.** | OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE | | | |
| **42.** | COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES *EXAMPLES*: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

| **43** | Total of Part 7. ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | NOT APPLICABLE |
|---|---|---|---|---|

**44.**  **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.**  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

**46.**  **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| | General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **47.** | AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES | | | |

Debtor    Boulder Operations Holding LLC                                    Case number (if known) 22-10664

(Name)

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 48. **WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| 49. **AIRCRAFT AND ACCESSORIES** | | | |
| 50. **OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |
| 51 **Total of Part 8.**<br>ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | | NOT APPLICABLE |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:    REAL PROPERTY

54. **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

55. **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 56 **Total of Part 9.**<br>ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88. | | | | NOT APPLICABLE |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY

59. **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| 61. **INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| 62. **LICENSES, FRANCHISES, AND ROYALTIES** | | | |

Debtor    Boulder Operations Holding LLC                                    Case number (if known) 22-10664

(Name)

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 63. | CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS | | | |
| 64. | OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY | | | |
| 65. | GOODWILL | | | |
| 66 | **Total of Part 10.** ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | | | NOT APPLICABLE |

| 67. | **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)? ☑ No ☐ Yes |
|---|---|
| 68. | **Is there an amortization or other similar schedule available for any of the property listed in Part 10?** ☑ No ☐ Yes |
| 69. | **Has any of the property listed in Part 10 been appraised by a professional within the last year?** ☑ No ☐ Yes |

| **Part 11:** | **ALL OTHER ASSETS** |
|---|---|

| 70. | **DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?** INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM. ☑ No. Go to Part 12. ☐ Yes. Fill in the information below. |
|---|---|

| | | Current value of debtor's interest |
|---|---|---|
| 71. | **NOTES RECEIVABLE** DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| 72. | **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| 73. | **INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| 74. | **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |
| 75. | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| 76. | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| 77. | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| 78 | **Total of Part 11.** ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | NOT APPLICABLE |

| 79. | **Has any of the property listed in Part 11 been appraised by a professional within the last year?** ☑ No ☐ Yes |
|---|---|

Debtor    Boulder Operations Holdings LLC                    Case number (if known)    22-10664

(Name)

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. **Investments.** *Copy line 17, Part 4.* | UNDETERMINED | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . →  | | N/A |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + | |
| 91. **Total.** Add lines 80 through 90 for each column . . . . . . . . 91a. | $0.00 | ✚ 91b.  N/A |
| 92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $0.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Boulder Operations Holding LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 22-10664 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1.  **1.  Do any creditors have claims secured by debtor's property?**
    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.
    ☑ Yes. Fill in all of the information below.

**Part 1:    List All Creditors with Secured Claims**

2.  **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Creditor's name**<br>WHITE OAK HEALTHCARE FINANCE LLC<br><br>**Creditor's mailing address**<br>C/O KING & SPALDING LLP<br>COUNSEL TO WHITE OAK HEALTH CARE FINANCE<br>1185 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10036<br><br>**Creditor's email address**<br>ASTEINBERG@KSLAW.COM<br><br>**Date or dates debt was incurred**<br>12/21/2018<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS<br><br>**Describe the lien**<br>TERM LOAN<br><br>**Is the creditor an insider or related party?**<br>☐ No<br>☑ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $25,437,397.59 | UNKNOWN |

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $25,437,397.59

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and Address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for ths entity |
|---|---|---|
| WHITE OAK HEALTHCARE FINANCE LLC<br>900 3RD AVE FL<br>NEW YORK, NY  10022-5000 | Line 2.1 | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Boulder Operations Holding LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 22-10664 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☑ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|

| 2.1 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $424,772.28 | $424,772.28 |
|---|---|---|---|---|

**Priority creditor's name and mailing address**
TREASURER, STATE OF OHIO
PO BOX 365
LONDON, OH  43140

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TAX PAYABLE

**Is the claim subject to offset?**
☑ No
☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).
☐ No.
☑ Yes.

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | $2,784,375.00 |
|---|---|---|---|

**Nonpriority creditor's name and mailing address**
ADAPTIVE THERAPY
7251 ENGLE RD, #350
MIDDLEBURG HEIGHTS, OH  44130

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☑ No
☐ Yes

| Debtor | Boulder Operations Holding LLC | Case number (if known) | 22-10664 |
|---|---|---|---|

(Name)

| **Part 2:** | Additional Page |
|---|---|

|  | Amount of claim |
|---|---|

---

**3.2 Nonpriority creditor's name and mailing address**

ARMSTRONG NUTRITION MANAGEMENT
101 PARKVIEW EXTENSION DR
KITTANNING, PA  16201

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$180.00

---

**3.3 Nonpriority creditor's name and mailing address**

BOULDER HEALTHCARE LLC
C/O CHRISTOPHER CONGENI, MATTHEW DUNCAN, DANIEL RUDARY
BRENNAN, MANNA & DIAMOND, LLC
74 E. MARKET STREET
AKRON, OH  44308

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.4 Nonpriority creditor's name and mailing address**

DANIELS SHARPSMART, INC.
111 W JACKSON BLVD, STE 1900
CHICAGO, IL  60604

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$2,204.71

---

**3.5 Nonpriority creditor's name and mailing address**

DEDICATED NURSING ASSOCIATES VS AKRON HEALTHCARE
5851 FAR HILLS AVE
DAYTON, OH  45429

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.6 Nonpriority creditor's name and mailing address**

ECS SOLUTIONS
PO BOX 402
TIFFIN, OH  44883

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$3,125.00

---

| Debtor | Boulder Operations Holdings LLC | Case number (if known) | 22-10664 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | | |
|---|---|---|---|

| | | | Amount of claim |
|---|---|---|---|

| 3.7 | **Nonpriority creditor's name and mailing address**<br><br>EFAX CORPORATE<br>C/O J2 CLOUD SERVICES LLC<br>PO BOX 51873<br>LOS ANGELES, CA  90051-6173<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $3,121.83 |
|---|---|---|---|
| 3.8 | **Nonpriority creditor's name and mailing address**<br><br>GMR HEALTHCARE<br>151 S MAIN ST<br>NEW CITY, NY  10956<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $74,263.48 |
| 3.9 | **Nonpriority creditor's name and mailing address**<br><br>GRAPH INSURANCE GROUP<br>270 SYLVAN AVE, STE 2255<br>ENGLEWOOD CLIFFS, NJ  07632<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $26,548.95 |
| 3.10 | **Nonpriority creditor's name and mailing address**<br><br>HILLSTONE HEALTHCARE, LLC<br>C/O CHRISTOPHER CONGENI, MATTHEW DUNCAN, DANIEL RUDARY<br>BRENNAN, MANNA & DIAMOND, LLC<br>74 E. MARKET STREET<br>AKRON, OH  44308<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN |
| 3.11 | **Nonpriority creditor's name and mailing address**<br><br>HOWARD, ANDRE<br>ATTN KAREN WILSON<br>C/O SPITZ THE EMPLOYEE'S LAW FIRM<br>25825 SCIENCE PARK DRIVE, #200<br>BEACHWOOD, OH  44122<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN |

| Debtor | Boulder Operations Holdings LLC | Case number (if known) | 22-10664 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | | |
|---|---|---|---|

| | | Amount of claim |
|---|---|---|

| 3.12 | **Nonpriority creditor's name and mailing address**<br><br>INCOMPLIANCE CONSULTING<br>100 S THIRD ST<br>COLUMBUS, OH  43215-4291<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $7,300.00 |
|---|---|---|---|
| 3.13 | **Nonpriority creditor's name and mailing address**<br><br>IRON MOUNTIAN<br>2 SUN CT<br>NORCORSS, GA  30092<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $803.68 |
| 3.14 | **Nonpriority creditor's name and mailing address**<br><br>JACKSON, MASHONNDA<br>ATTN SHATTUCK, TAUREAN J.<br>C/O SPITZ THE EMPLOYEE'S LAW FIRM<br>25825 SCIENCE PARK DRIVE, #200<br>BEACHWOOD, OH  44122<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN |
| 3.15 | **Nonpriority creditor's name and mailing address**<br><br>MATTHEW DAPORE<br>C/O CHRISTOPHER CONGENI, MATTHEW DUNCAN, DANIEL RUDARY<br>BRENNAN, MANNA & DIAMOND, LLC<br>74 E. MARKET STREET<br>AKRON, OH  44308<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN |
| 3.16 | **Nonpriority creditor's name and mailing address**<br><br>MAUMEE ASSEMBLY & STAMPING, LLC<br>920 ILLINOIS AVE<br>MAUMEE, OH  43537<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $100.00 |

| Debtor | Boulder Operations Holding LLC | Case number (if known) | 22-10664 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | |
|---|---|---|

| | | **Amount of claim** |
|---|---|---|

| 3.17 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN |

**3.17** **Nonpriority creditor's name and mailing address**

MEDLINE INDUSTRIES VS BOULDER OPERATIONS HOLDINGS, LLC, ET AL.
C/O MATTHEW T. ANDERSON, LUPER NEIDENTHAL & LOGAN
1160 DUBLIN ROAD, SUITE 400
COLUMBUS, OH  43215

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.18** **Nonpriority creditor's name and mailing address**

MEGAN SMITH
ATTN CHRIS SAMS
C/O VOUDRIS LAW LLC
8401 CHAGRIN RD #8
CHAGRIN FALLS, OH  44023

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.19** **Nonpriority creditor's name and mailing address**

NETWORK DOCTOR
600 SYLVAN AVE, STE 212
ENGLEWOOD CLIFFS, NJ  07632

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$38,293.56

---

**3.20** **Nonpriority creditor's name and mailing address**

PAUL BERGSTEN
C/O CHRISTOPHER CONGENI, MATTHEW DUNCAN, DANIEL RUDARY
BRENNAN, MANNA & DIAMOND, LLC
74 E. MARKET STREET
AKRON, OH  44308

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.21** **Nonpriority creditor's name and mailing address**

PCA-CORRECTIONS, LLC ET AL
C/O BENJAMIN FULTZ
DICKENS PLC
101 SOUTH FIFTH STREET, STE 2700
LOUISVILLE, KY  40202

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

| Debtor | Boulder Operations Holdings LLC | Case number (if known) | 22-10664 |
|---|---|---|---|
| | (Name) | | |

| Part 2: | Additional Page |
|---|---|

| | | Amount of claim |
|---|---|---|

**3.22**

**Nonpriority creditor's name and mailing address**

PEASE & ASSOCIATES, LLC
3501 EMBASSY PKWY, STE 200
AKRON, OH  44333

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$6,000.00

---

**3.23**

**Nonpriority creditor's name and mailing address**

QUADAX
25201 CHAGRIN BLVD, STE 290
BEACHWOOD, OH  44122-5633

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$2,354.40

---

**3.24**

**Nonpriority creditor's name and mailing address**

SHAKER AUTO LEASE, INC.
26671 RENAISSANCE PKWY
WARRENSVILLE HTS, OH  44128

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$7,397.68

---

**3.25**

**Nonpriority creditor's name and mailing address**

STAFF BENEFITS MANAGEMENT, INC.
2307 FENTON PKWY #107-126
SAN DIEGO, CA  92108

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$380.00

---

**3.26**

**Nonpriority creditor's name and mailing address**

STROZIER, CHASTITY
ATTN JOHN LI, ESQ
C/O JHL LEGAL LLC
5450 FAR HILLS AVE., SUITE 206B
DAYTON, OH  45429

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

Debtor    Boulder Operations Holding LLC                                  Case number (if known) 22-10664

(Name)

| **Part 2:** | Additional Page |
|---|---|

|  | | Amount of claim |
|---|---|---|

**3.27**

**Nonpriority creditor's name and mailing address**

TAMYRA STEWART
ATTN ROCCO SCRENCI
C/O SPITZ THE EMPLOYEE'S LAW FIRM
25825 SCIENCE PARK DRIVE, #200
BEACHWOOD, OH  44122

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.28**

**Nonpriority creditor's name and mailing address**

THE COPY SHOP, INC.
440 EAST POE RD
BOWLING GREEN, OH  43402

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$381.80

---

**3.29**

**Nonpriority creditor's name and mailing address**

WELTMAN, WEINBERG & REIS CO., LPA
965 KEYNOTE CIRCLE
ATTN: SARA COSTANZO, PARTNER
CLEVELAND, OH  44131

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☒ No
☐ Yes

$414.68

| **Part 3:** | List Others to Be Notified About Unsecured Claims |
|---|---|

**4.**    List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | PEASE & ASSOCIATES, LLC<br>1422 EUCLID AVENUE, SUITE 400<br>CLEVELAND, OH  44115 | Line 3.22 | |

Debtor    Boulder Operations Holding LLC                    Case number (if known) 22-10664

(Name)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | $424,772.28 |
| 5b. | Total claims from Part 2 | 5b. + | $2,957,244.77 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $3,382,017.05 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Boulder Operations Holding LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 22-10664 |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1.    Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | LIMITED LIABILTY COMPANY AGREEMENT DTD 12/21/2018 | BOULDER FG HOLDINGS LLC & BOULDER HEALTHCARE LLC 544 ENTERPRISE DRIVE LEWIS CENTER, OH 43035 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | AMENDMENT NO 1 TO LIMITED LIABILTY COMPANY AGREEMENT DTD 4/22/2021 | BOULDER FG HOLDINGS LLC C/O WHITE OAK HEALTHCARE FINANCE, LLC 321 N. CLARK ST, SUITE 500 CHICAGO, IL 60654 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | CONSULTING AGREEMENT | CCH HEALTHCARE LLC ATTN JACOB STERN, CEO 15 AMERICA AVE, STE 304 LAKEWOOD, NJ 08701 |
| | State the term remaining | 6/30/2022 | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | CONSULTING AGREEMENT DTD 1/17/2022 | FEIN, SETH 3340 SW 59 ST FORT LAUDERDALE, FL 33312 |
| | State the term remaining | 4/13/2022 | |
| | List the contract number of any government contract | | |

Debtor    Boulder Operations Holdings LLC    Case number (if known) 22-10664

(Name)

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FIRST AMENDMENT TO CONSULTING AGREEMENT DTD 4/14/2022 | FEIN, SETH<br>3340 SW 59 ST<br>FORT LAUDERDALE, FL 33312 |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | MANAGER AGREEMENT<br><br><br>CONTINUES UNTIL TERMINATED | KOENIG, SUZANNE<br>C/O SAK MANAGEMENT SERVICES, LLC<br>300 SAUNDERS RD, STE 300<br>RIVERWOODS, IL 60015 |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FIRST AMENDMENT TO THE MANAGER AGREEMENT DTD 6/8/2021 | KOENIG, SUZANNE<br>C/O SAK MANAGEMENT SERVICES, LLC<br>300 SAUNDERS RD, SUITE 300<br>RIVERWOODS, IL 60015 |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | LETTER AGREEMENT DTD 9/20/2021 | PEASE & ASSOCIATES, LLC<br>3501 EMBASSY PKWY, STE 200<br>AKRON, OH 44333 |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | MANAGER AGREEMENT<br><br><br>CONTINUES UNTIL TERMINATED | SHATROV, ANZHELIKA<br>C/O SAK MANAGEMENT SERVICES, LLC<br>300 SAUNDERS RD, STE 300<br>RIVERWOODS, IL 60015 |
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FIRST AMENDMENT TO THE MANAGER AGREEMENT DTD 6/8/2021 | SHATROV, ANZHELIKA<br>C/O SAK MANAGEMENT SERVICES, LLC<br>300 SAUNDERS RD, SUITE 300<br>RIVERWOODS, IL 60015 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Boulder Operations Holding LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 22-10664 |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                                                                   12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

| | |
|---|---|
| **1.** | **Does the debtor have any codebtors?** |
| | ☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☒ Yes. |

**2.**    In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1   AKRON HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.2   AKRON SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.3   ARIEL FEIN | 10 EASTBOURNE DRIVE SPRING VALLEY, NY  10977 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.4   BELDEN VILLAGE HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.5   BELDEN VILLAGE SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.6   BELLEFONTAINE HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.7   BELLEFONTAINE SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.8   BOULDER PROPERTY HOLDINGS GP | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.9   BOULDER PROPERTY HOLDINGS LP | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.10  EUCLID BEACH HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |
| 2.11  EUCLID BEACH SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☒ D ☐ E/F ☐ G |

| Debtor | Boulder Operations Holdings, LLC | Case number (if known) | 22-10664 |
|---|---|---|---|
| | (Name) | | |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.12 | GREENVILLE HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 | GREENVILLE SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.14 | HOLLY GLEN HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.15 | HOLLY GLEN SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 | IRVING LANGER | 215 HARBORVIEW SOUTH LAWRENCE, NY  11559 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.17 | JACKSON HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.18 | JACKSON SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.19 | MADEIRA HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.20 | MADEIRA SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.21 | MAYFIELD HEIGHTS HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.22 | MAYFIELD HEIGHTS SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.23 | NORTH OLMSTED HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.24 | NORTH OLMSTED SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.25 | OREGON HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.26 | OREGON SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.27 | PIQUA HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.28 | PIQUA SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Boulder Operations Holdings LLC | | Case number (if known) | 22-10664 |
|---|---|---|---|---|
| | (Name) | | | |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.29 | PORTSMOUTH HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.30 | PORTSMOUTH SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.31 | SAMUEL GOLDNER | 22 HERRICK DRIVE LAWRENCE, NY  11559 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.32 | UPTOWN WESTERVILLE HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.33 | UPTOWN WESTERVILLE SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.34 | WATERVILLE HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.35 | WATERVILLE SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.36 | WAUSEON HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.37 | WAUSEON SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.38 | WOODRIDGE HEALTHCARE LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |
| 2.39 | WOODRIDGE SNF REALTY LLC | 1209 ORANGE STREET WILMINGTON, DE  19801 | WHITE OAK HEALTHCARE FINANCE LLC | ☑ D ☐ E/F ☐ G |

**Fill in this information to identify the case:**

Debtor    Boulder Operations Holding LLC

United States Bankruptcy Court for the:    District of Delaware

Case number    22-10664
(if known)

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/29/2022      **✗**  /s/ Suzanne Koenig
      MM / DD / YYYY           Signature of individual signing on behalf of debtor

                           Suzanne Koenig
                           Printed name

                           Managing Director
                           Position or relationship to debtor