IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Boulder Operations Holding, LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 7<br>)<br>) Case No. 22-10664 (CTG)<br>)<br>) (Jointly Administered)<br>)<br>) **Objection Deadline: October 17, 2022 at 4:00 p.m. (ET)**<br>) **Hearing Date: October 25, 2022 at 2:00 p.m. (ET** |

### MOTION FOR APPROVAL OF STIPULATION BY AND AMONG THE TRUSTEE, WHITE OAK, AND NEW OPERATOR TO RELEASE FUNDS OWED TO NEW OPERATOR

Jeoffrey L. Burtch, in his capacity as the Chapter 7 Trustee (the "Trustee") for the jointly administered estates of Boulder Operations Holding LLC, *et al.* (collectively, "Debtors"), acting by and through his undersigned counsel, hereby moves (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting the relief described below. In support thereof, the Trustee respectfully represents as follows:

### RELIEF REQUESTED

1. By the Motion, the Trustee respectfully requests entry of the Proposed Order approving that certain stipulation (the "Stipulation") among the Trustee, White Oak Healthcare Finance, LLC ("White Oak"), and Buckeye Forest at Waterville, LLC, *et al.* (collectively "New Operator")[2] (the "Parties") authorizing the release of certain funds to New Operator, a copy of which is attached to the Proposed Order as Exhibit 1.

---

[1] The Debtors in these cases, and their respective case numbers, are: Boulder Operations Holdings LLC (22-10664-CTG), Akron Healthcare LLC (22-10666-CTG), Belden Village Healthcare LLC (22-10667-CTG), Bellefontaine Healthcare LLC (22-10668-CTG), Euclid Beach Healthcare LLC (22-10669-CTG), Greenville Healthcare LLC (22-10670-CTG), Holly Glen Healthcare LLC (22-10671-CTG), Jackson Healthcare LLC (22-10672-CTG), Madeira Healthcare LLC (22-10673-CTG), Mayfield Heights Healthcare LLC (22-10674-CTG), North Olmsted Healthcare LLC (22-10676-CTG), Oregon Healthcare LLC (22-10677-CTG), Piqua Healthcare LLC (22-10678-CTG), Portsmouth Healthcare LLC (22-10679-CTG), Uptown Westerville Healthcare LLC (22-10680-CTG), Waterville Healthcare LLC (22-10681-CTG), Wauseon Healthcare LLC (22-10682-CTG), and Woodridge Healthcare LLC (22-10684-CTG).

[2] The entities comprising New Operator are identified in, and are parties to, the OTSA (as defined herein).

1

LEGAL\59809425\1

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105 and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND AND RELEVANT FACTS**

5. On July 29, 2022 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered for procedural purposes only.

6. The Trustee was appointed interim trustee on or about the Petition Date. The meeting of creditors pursuant to section 341(a) of the Bankruptcy Code was held and concluded on September 12, 2022, and the Trustee now serves as trustee pursuant to section 702(d) of the Bankruptcy Code.

7. On August 17, 2021, Debtors entered into an Operations Transfer and Surrender Agreement with New Operator (as the same by have been amended from time to time, providing for the "OTSA"), transfer of the operation of seventeen (17) nursing facilities (collectively, the "Facilities") to New Operator. The closing under the OTSA and the effective date of the transfer of operations to New Operator occurred on December 31, 2021.[3]

8. On December 31, 2021, Debtors and New Operator executed a First Amendment to the OTSA, which provided, among other things, the right of New Operator to all receivables for services provided by New Operator after closing, and the obligation of Debtors to turn over to New Operator any and all such receivables that might be delivered to Debtors. In addition, the OTSA provided that New Operator was to turn over to Debtors any receivables for services provided by Debtors prior to closing on the OTSA that might be delivered to New Operator.

9. White Oak, a creditor asserting a duly perfected, first priority security interest in substantially all of the Debtors' assets, including accounts receivable, consented to the OTSA.

10. After the Petition Date, a number of payments were delivered to certain of Debtors' bank accounts by CGS, a Medicare Administrative Contractor, for services provided by New Operator. New Operator asserts and White Oak has confirmed that all services for which payment was made were provided post-closing by New Operator and are therefore not receivables of Debtors. The specific payments at issue are set forth in the chart attached to the Stipulation as Exhibit A (the "New Operator Receivables").

11. The Parties anticipate that additional receivables belonging to New Operator may be deposited into the Debtors' accounts during the course of these Chapter 7 Cases, and the Stipulation provides the Trustee with authority to pay those funds to New Operator without the

---

[3] The Trustee does not have personal knowledge of the Debtors' pre-petition operations, finances, or transactions, and the facts alleged herein are based on a review of available records and representations by White Oak and New Operator.

need for further Court order.  The Stipulation also requires the New Operator to pay to the Trustee any sums collected by New Operator for services provided by the Debtors prior to the closing date of the OTSA.

## BASIS FOR REQUESTED RELIEF

12. Section 541 of the Bankruptcy Code defines property belonging to the Debtors' estates.  Although deposited into Debtors' bank accounts, the New Operator Receivables are not properly deemed property of the Debtors' estates because the Debtors have no ownership interest in or right to retain the New Operator Receivables.  New Operator, the Trustee and White Oak agree that the amounts comprising the New Operator Receivables are not receivables owing to Debtors, and therefore not property of Debtors or their respective estates, and are not subject to any liens or security interests allegedly granted by Debtors in favor of White Oak.

13. Given these facts, the estates have no ownership interest in the New Operator Receivables, and it is appropriate that those funds be transferred to a New Operator bank account that is subject to White Oak's first lien and security interest, which New Operator acknowledges was granted by New Operator in favor of White Oak.

14. It is also appropriate that the Trustee be authorized to transfer any future payments made to Debtors' bank accounts or to the Trustee by a Medicare Administrative Contractor or any other payor, for services that White Oak, the Trustee and New Operator agree were rendered at the Facilities on or after December 31, 2021 ("Additional New Operator Receivables").  Thus, the Stipulation provides that all Additional New Operator Receivables may be transferred to New Operator without further Court order.

15. In addition, and as contemplated by the OTSA, New Operator has agreed that, within ten (10) days after approval of this Stipulation, and on a monthly basis thereafter, it shall

4

provide the Trustee and White Oak with an accounting of all receivables collected by New Operator for services rendered prior to the closing of the OTSA. In addition, New Operator has agreed to turn over to the Trustee any payments received by New Operator from a Medicare Administrative Contractor or any other payor for services that all Parties agree were rendered at the Facilities before December 31, 2021 no later than five (5) days after delivery of a joint direction from the Trustee and White Oak or as otherwise directed by the Bankruptcy Court.

16. Bankruptcy Code section 105(a) provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Code section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings. *See, e.g.*, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

17. The provisions of the Stipulation are consistent with these principles and with the definition of property of the estate set forth in section 541 of the Bankruptcy Code. Approval of the Stipulation will also streamline the administration of the Debtors' estates. New Operator has also expressed a strong need for these funds (which belong to it) so that they can be used to operate the Facilities. The Trustee therefore respectively asserts that it is appropriate for the Court to enter the proposed Order attached as Exhibit A approving the Stipulation.

**NOTICE**

15.    Notice of this Motion will be provided to: (a) the U.S. Trustee for the District of Delaware; (b) counsel for White Oak; (c) counsel for New Operator; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

17.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  October 3, 2022                                      **COZEN O'CONNOR**

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Fax: (302) 295-2013
Email:  mfelger@cozen.com
gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch,*
*Chapter 7 Trustee*

6

LEGAL\59809425\1