UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



May 30, 2023

**VIA CM/ECF**

  Re: *In re Boulder Operations Holdings LLC, et al.*, Nos. 22-10664, *et seq.*

Dear Counsel:

  Adaptive Rehabilitation Services, LLC ("Adaptive") moved under Bankruptcy Rule 2004 (D.I. 56) for authority to conduct an examination of Seth Fein, who is the brother of the debtors' former principal (Ariel Fein), and who was himself employed by the debtors (though the extent of Seth Fein's involvement appears to be disputed between the parties). Adaptive asserts that it provided services to the debtors valued at approximately $7.2 million. Adaptive obtained summary judgment against certain of the debtors, before the bankruptcy filing, in the Court of Common Pleas of Cuyahoga County, Ohio.

  Adaptive asserts that Ariel and Seth Fein may have engaged in misconduct that would give rise to claims against them – both estate causes of action that could be asserted by the chapter 7 trustee as well as direct claims that could be asserted against the Feins by Adaptive.[1] Estate claims against Seth Fein, however, were released as part of a settlement between the chapter 7 trustee and the debtors' principal lender.[2] The parties state that the trustee is in the process of investigating whatever estate claims may lie against Ariel Fein.

  Rule 2004 broadly authorizes discovery into the "acts, conduct, or property or to the liabilities and financial condition of the debtor" as well as "to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a

---

[1] D.I. 56 at 5-6.

[2] D.I. 36.

*In re Boulder Operations Holdings LLC, et al.*, Nos. 22-10664, *et seq.*
May 30, 2023
Page 2 of 4

discharge."[3] Despite the breadth of the language, *Collier's* notes that the rule provides that a court "may" order such an examination, pointing out that this language vests discretionary authority in the bankruptcy courts to limit the use of the rule to purposes that are consistent with broader bankruptcy objectives.[4] For example, courts will routinely deny the use of Rule 2004 where permitting a Rule 2004 examination would circumvent limits on discovery that have been imposed in an adversary proceeding or contested matter, notwithstanding the fact that the request may fall within the broad language of the rule.[5]

Here, the strongest of the reasons given by Adaptive for conducting an examination of Seth Fein is the possibility that Adaptive may have direct claims against Seth Fein to recover on the losses it sustained as a result of the debtors' actions. Seth Fein's response to the motion notes that the *estate* claims against him were released in the settlement between the trustee and the lender, and that any direct claims that Adaptive may have against Seth Fein are outside the scope of the bankruptcy court's related-to jurisdiction.

On the question of subject-matter jurisdiction, this Court is persuaded by *Millennium Labs,* which explained that the propriety of a Rule 2004 examination does not necessarily turn on whether the bankruptcy court would have subject-matter jurisdiction over the claims that may come out of the investigation.[6] The jurisdiction to grant a Rule 2004 motion comes from 28 U.S.C. § 1334(b), as the motion is itself a matter "arising in" a bankruptcy case. That jurisdiction is not dependent in any way on the claims that are being investigated.

That said, it is certainly fair to argue, as Seth Fein does, that when Rule 2004 is invoked to examine claims that would have no effect on the bankruptcy estate, it may be hard to see the proper bankruptcy purpose that would be served by authorizing a Rule 2004 examination. To that end, at the May 19, 2023 hearing on the motion to conduct a Rule 2004 examination, the Court asked whether the parties were aware of caselaw addressed to the question whether Rule 2004 is properly invoked to take discovery into a claim by a creditor to recover against a third party. On May 22, 2022, the Court offered its preliminary observations on the question it

---

[3] Fed. R. Bankr. P. 2004(b).

[4] *See generally* 9 *Collier on Bankruptcy* ¶ 2004.01[1] (16th ed. 2022) (emphasizing court's "discretionary power" to "limit a Rule 2004 examination").

[5] *Cf. In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 629 (Bankr. D. Del. 2016) (noting that the pendency of other litigation is not a bar to the use of Rule 2004 where the examination "is not sought for the purpose of circumventing" limits on discovery imposed in the other matter).

[6] *Id.* at 624-625.

*In re Boulder Operations Holdings LLC, et al.*, Nos. 22-10664, *et seq.*
May 30, 2023
Page 3 of 4

raised, indicating that Judge Silverstein's *Millennium Labs* decision (the same opinion discussed above) is such a case.

Relying on the *J&R Trucking* decision of the Bankruptcy Court for the Northern District of Indiana, *Millennium Labs* held that discovery into a claim by a creditor to recover against a third party was not a proper use of Rule 2004.[7] In its preliminary observations, this Court noted that it was inclined – subject to the parties' right to persuade the Court otherwise – to adhere to the *Millennium Labs* precedent and deny the motion.[8]

In response, Adaptive offers two reasons why the Court should nevertheless grant the motion. *First*, Adaptive argues that the summary judgment motion decision in the Cuyahoga County court does not run against all of the debtors, and that the discovery could support those claims.[9] The Court does not believe that this is a proper use of Rule 2004. It is true that Rule 2004 is properly invoked to investigate possible claims in a circumstance in which the party may not have sufficient information to support the filing of a complaint. But once a complaint is filed, discovery related to those claims is more properly taken in the action itself (or, where the action asserts a prepetition claim against the debtor, through the claims allowance process). To be sure, if the discovery is otherwise appropriate under Rule 2004, the fact that there may be a related lawsuit does not prohibit the use of Rule 2004 when such use is not intended to circumvent otherwise applicable limitations on discovery. But once the claim is asserted, the type of pre-litigation discovery otherwise contemplated by Rule 2004 is no longer appropriate for the purpose of investigating the claim itself. Otherwise put, the fact that Adaptive filed prepetition lawsuits makes clear that it has sufficient information to file a proof of claim. To the extent further discovery related to such a claim is appropriate, it should proceed under Rule 9014(c) in connection with any contested matter emerging out of the claims allowance process.

*Second*, Adaptive correctly points out that the language of Rule 2004 is not limited to matters relating to the financial condition of the debtors, but also addresses the "acts" or "conduct" of the debtors.[10] That is certainly true as far as it goes. But as noted above, the use of Rule 2004 to circumvent the limitations on discovery in another action would also fall within the literal language of the Rule. A court's authority to preclude this use of the rule, just as with the prohibition on invoking Rule 2004 to investigate claims that may be available against third parties, comes

---

[7] *Id.* at 628 (citing *In re J&R Trucking, Inc.*, 431 B.R. 818 (Bankr. N.D. Ind. 2010). This Court's preliminary observations incorrectly stated that this decision was from the Northern District of Illinois. It is in fact from the Northern District of Indiana. The Court apologizes for this error.

[8] D.I. 66.

[9] *See* D.I. 67 at 1-2.

[10] *Id.* at 2.

*In re Boulder Operations Holdings LLC, et al.*, Nos. 22-10664, *et seq.*
May 30, 2023
Page 4 of 4

from the language in Rule 2004(a) providing that the court "may" authorize an investigation that fits within the language of the rule. This permissive rather than mandatory language makes clear that there are circumstances in which courts ought to exercise their discretion to preclude an investigation that is within the Rule's broad ambit. Discovery that is primarily addressed to a claim by a creditor against a third party, like the request now before this Court, is such a circumstance.

      The Court will accordingly enter a separate order denying the motion.

                                    Sincerely,

                                    Craig T. Goldblatt
                                    United States Bankruptcy Judge